Case 3:01-cv-02330-JCH     Document 41     Filed 12/07/2005     Page 1 of 3

MANDATE

CTOC (New Haven)
01-cv-2330
USDC Hall
USDC Fitzsimmons

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 21st day of Sept., two thousand and five.

PRESENT:

    RICHARD J. CARDAMONE
    JOSÉ A. CABRANES
    ROSEMARY S. POOLER
        *Circuit Judges.*

-----------------------------------------x

WILFRED L. HART,

    *Plaintiff-Appellant*,

    -v.-                               No. 04-6399

EDWARD BLANCHETTE, M.D. and OMPRAKASH PILLAI, M.D.,

    *Defendants-Appellees.*

-----------------------------------------x

**APPEARING FOR APPELLANT:**    JOHN R. WILLIAMS, New Haven, CT.

**APPEARING FOR APPELLEE:**    NEIL PARILLE, Assistant Attorney General, Office of Connecticut Attorney General, Hartford, CT.

    Appeal from a judgment of the United States District Court for the District of Connecticut (Janet C. Hall, *Judge*).

    **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and hereby is **AFFIRMED** in part, **VACATED** in part, and **REMANDED** for further proceedings consistent with this order.

-1-

_Issued as Mandate: NOV 29 2005

Plaintiff Wilfred L. Hart appeals from an October 29, 2004 order of the District adopting the August 12, 2004 Recommended Ruling of Magistrate Judge Holly B. Fitzsimmons, which in turn recommended that defendants' motion for summary judgment be granted.

Plaintiff brought his claim in the District Court pursuant to 42 U.S.C. §§ 1983 and 1988, against Edward Blanchette, M.D., and Omprakash Pillai, M.D., two employees of the Connecticut Department of Corrections, arguing that their alleged deliberate indifference to plaintiff's medical needs at the time of his incarceration—principally their alleged failure to diagnose and treat his colon cancer in a timely manner—violated rights guaranteed by the Eighth Amendment to the Constitution of the United States. We have recently restated the well established rule that,

> [a] prisoner must satisfy two requirements—one objective and one subjective—in order to prevail on such a deliberate indifference claim. First, the prisoner must prove that the alleged deprivation of medical treatment is, in objective terms, sufficiently serious—that is, the prisoner must prove that his medical need was a condition of urgency, one that may produce death, degeneration, or extreme pain. Second, the prisoner must prove that the charged official acted with a sufficiently culpable state of mind. This requires that the prisoner prove that the charged official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Johnson v. Wright*, 412 F.3d 398, 403 (2d Cir. 2005) (internal quotation marks and citations omitted).

The Magistrate Judge concluded that plaintiff satisfied the objective requirement, but failed to satisfy the subjective requirement, of a deliberate indifference claim. She therefore recommended that summary judgment be granted in defendants' favor. The District Court agreed and adopted the Recommended Ruling.

We review the District Court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party. *World Trade Ctr. Props., L.L.C. v. Hartford Fire Ins. Co.*, 345 F.3d 154, 165-66 (2d Cir. 2003). Summary judgment is appropriate only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is "material" for these purposes if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

We have considered all of plaintiff's arguments and, substantially for the reasons stated in the Magistrate Judge's August 12, 2004 Recommended Ruling, we affirm the judgment of the District Court with respect to defendant Blanchette.

We conclude, however, that genuine issues of material fact exist with respect to Pillai's liability, such that the claims against Pillai ought to be submitted for determination by a trier of fact.

Pillai concedes that he read plaintiff's medical chart when he began treating plaintiff; therefore Pillai knew that a mass had never been ruled out and that two years of treatment for ulcers had not alleviated plaintiff's suffering. As plaintiff is not required to introduce expert testimony, *see Hathaway v. Coughlin*, 37 F.3d 63, 68 (2d Cir. 1994), we conclude that this record is sufficient to avoid summary judgment. Although these facts may ultimately establish only negligence, the determination of the difference between negligence and deliberate indifference is, in the circumstances of this case, one for a trier of fact to make. *See Johnson*, 412 F.3d at 404 (finding summary judgment inappropriate where jury could find that application of standard policy in plaintiff's case constituted either negligence or deliberate indifference); *Liscio v. Warren*, 901 F.2d 274, 276-77 (2d Cir. 1990) (holding that whether failure to diagnose constituted deliberate indifference was a material factual dispute precluding summary judgment).

Accordingly, the judgment of the District Court is hereby **AFFIRMED** in part, **VACATED** in part, and **REMANDED** for further proceedings consistent with this order.

FOR THE COURT,
Roseann B. MacKechnie, Clerk of Court

By *Lucille Carr*

A TRUE COPY
ROSEANN B. MacKECHNIE, CLERK