UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILFRED L. HART | : | NO. 3:01CV2330(JCH) |
| | : | |
| VS. | : | |
| | : | |
| OMPRAKASH PILLAI, M.D. | : | FEBRUARY 1, 2006 |

**THE DEFENDANT'S MOTION IN LIMINE RE:
THE PLAINTIFF'S SELF-DIAGNOSIS OF CANCER**

This is a civil rights case in which the plaintiff, an inmate confined to the custody of the Connecticut Department of Correction ("DOC"), alleges that the defendant, a physician stationed at a DOC facility, failed to diagnose his complaints of stomach pain and other gastrointestinal symptoms, as caused by cancer. In the plaintiff's medical records he expressed on at least one occasion that he suffered from cancer (see attached).

The defendant moves for a motion in limine to prevent the plaintiff from discussing any statements he made during the course his treatment that he believed he suffered from cancer. The defendant also moves for permission to redact any statements from the medical records concerning the plaintiff's belief that he was suffering from cancer.

**STANDARD OF REVIEW**

The motion in limine, while not specifically authorized by statute of the Federal Rules of Evidence, arises out of the court's inherent authority to manage the course of the proceedings under Federal Rule of Evidence 103(c). Luce v. United States, 469 U.S. 38 n. 4 (1984).

**ORAL ARGUMENT REQUESTED
TESTIMONY NOT REQUIRED**

## DISCUSSION

The plaintiff is not a physician. A person's belief that he is suffering from cancer is a medical opinion which requires expertise beyond that of the layman. In <u>Felix Achile v. City of Chicago</u>, 2000 U.S. Dist. LEXIS 11909 (N.D. Ill.), the district court granted a motion in limine in which the defendant sought to preclude the plaintiff from testifying concerning his own "medical or mental well being or condition." The court held that the plaintiff's opinion constituted "impermissible self-diagnosis." Here, the plaintiff's belief that his gastrointestinal symptoms were caused by cancer is the plaintiff's subjective opinion and falls outside competency as a layman.

## CONCLUSION

For the foregoing reasons, the defendant requests that any statements or records concerning the plaintiff's belief that he had cancer should be excluded.

        DEFENDANT
        Omprakash Pillai, M.D.

        RICHARD BLUMENTHAL
        ATTORNEY GENERAL


        BY:_____/s/_____
        Neil Parille
        Assistant Attorney General
        Fed. Bar No. ct15278
        110 Sherman Street
        Hartford, CT  06105
        Telephone No.:  (860) 808-5450
        Fax No. (860) 808-5591
        E-mail:  neil.parille@po.state.ct.us

## **CERTIFICATION**

      I hereby certify that a copy of the foregoing was sent by first-class mail, postage prepaid, this 1st day of February 2006, to:

    John R. Williams, Esq.
    John R. Williams & Associates, LLC
    51 Elm Street, Suite 409
    New Haven, CT  06510

                                                        /s/
                                              Neil Parille
                                              Assistant Attorney General