Source: Legal > Cases - U.S. > Federal Court Cases, Combined
Terms: **"self-diagnosis" /p limine** (Edit Search | Suggest Terms for My Search)

↙Select for FOCUS™ or Delivery

*2000 U.S. Dist. LEXIS 11909, \**

FELIX ICHILE, Plaintiff, v. CITY OF CHICAGO, Defendant.

No. 95 C 3507

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

2000 U.S. Dist. LEXIS 11909

August 14, 2000, Decided
August 16, 2000, Docketed

**DISPOSITION:** [\*1] City's motion for reconsideration denied.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Defendant city filed motions in **limine** prior to trial of plaintiff's employment discrimination action.

**OVERVIEW:** Defendant city moved to exclude certain evidence at trial of plaintiff's employment discrimination action. The court reiterated its prior ruling that evidence of discriminatory activity that antedated the statutory 300-day rule might be admissible for such purposes as demonstrating defendant's discriminatory intent. Until the court had the opportunity to address the evidence in the trial matrix, the court could not know whether plaintiff would or would not be able to bring himself under the rubric of the United States Court of Appeals for the Seventh Circuit's version of the continuing violation theory. The same was true for evidence which related to previously dismissed claims. As for evidence of plaintiff's medical or psychological conditions, plaintiff could testify to how actions made him feel, his pain, and state of mind but not to his "mental and emotional well-being or condition" which verged on impermissible, **self-diagnosis** type of testimony.

**OUTCOME:** Motion in **limine** denied as to evidence of discriminatory activity antedating statutory 300-day rule which could be allowed for purposes such as discriminatory intent, but plaintiff's testimony as to his emotional well-being and condition verged on impermissible **self-diagnosis** which would not be allowed.

**CORE TERMS:** continuing violation, discriminatory intent, reconsideration, factfinder, emotional, calendar, urge

**COUNSEL:** For FELIX A ICHILE, plaintiff: Michael Allen Childers, Danny L. Windham, Childers, Williams & Windham, Chicago, IL.

For CITY OF CHICAGO, THE, defendant: Mara Stacy Georges, Nancy L. Van Allen, Michael John Crowley, James Francis Botana, Susan Margaret O'Keefe, City of Chicago, Law Department, Corporation Counsel, Chicago, IL.

For CITY OF CHICAGO, THE, defendant: Genevieve Mary Daniels, Querrey & Harrow, Ltd.,

Chicago, IL.

For CITY OF CHICAGO, THE, defendant: Susan S. Sher, City of Chicago, Department of Law, Chicago, IL.

**JUDGES:** Milton I. Shadur, Senior United States District Judge.

**OPINIONBY:** Milton I. Shadur

**OPINION:** MEMORANDUM OPINION AND ORDER

This employment discrimination action by Felix Ichile ("Ichile") against the City of Chicago ("City")--by some considerable margin the oldest case on this Court's calendar--was inherited very late last year by reassignment from the calendar of a former colleague. Thereafter this Court brought the case to the Final Pretrial Order ("FPTO") stage of readiness for trial. City's motions in limine filed as FPTO App. M are now the only matters standing in the way of an immediate setting for trial. [*2] This memorandum opinion and order addresses those motions.

Allegations of Discriminatory Events More Than 300 Days Before EEOC Filing

Here City seeks reconsideration of this Court's June 1, 2000 without-prejudice denial of a like motion in limine. Although City does not quarrel (as it really could not) with this Court's ruling that evidence of discriminatory activity that antedated the statutory 300-day rule may be admissible for such purposes as demonstrating City's discriminatory intent (and this is only exemplary, not all-inclusive), City urges once again that such evidence may not be introduced under a theory of continuing violation.

To begin with, evidence is evidence--once in, it may be considered by the factfinder fully except to the extent of any limiting instructions. In this instance City has obviously misunderstood this Court's ruling. This Court is of course well aware of the limited scope of the continuing violation theory in this Circuit (a view that is not universally held, with the Court of Appeals for the Second Circuit providing one example of which this Court is aware that holds a much less restrictive view). And this Court of course fully intends to adhere [*3] to Seventh Circuit law in that respect at trial. n1

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 In addition to engaging in three indiscreet uses of "discreet" rather than "discrete" where the latter term is called for, Ichile's counsel has provided a response that does not really support the admissibility of otherwise time-barred activity on any basis other than that contemplated by this opinion.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - -

But the thrust of this Court's earlier ruling was simply that until it has the opportunity to address the evidence in the trial matrix, this Court cannot know in advance whether Ichile will or will not be able to bring himself under the rubric of the Seventh Circuit's version of the continuing violation theory. That remains to be seen. Accordingly City's motion for reconsideration on this score is denied.

Evidence of Previously-Dismissed Claims

What has been said in the preceding section pretty well controls this motion as well. Although

this Court has held certain stale claims that Ichile had advanced were barred by limitations, that was not at all the **[*4]** equivalent of finding inadmissible the facts underpinning such claims. Once again such evidence may well be probative, for example, of City's discriminatory intent.

In this instance City's blanket objection to the introduction of Ichile's evaluations for earlier years--evaluations other than those that are properly in issue in conjunction with viable claims--is also rejected. Individual offerings on that subject will also be dealt with at the time of trial.

Ichile's Medical or Psychological Conditions

Once more the parties are operating at cross-purposes. Here in its totality is Ichile's response to City's motion:

> Plaintiff, even as a lay witness, can testify as to how certain actions on the part of Defendant caused him to feel. Plaintiff can testify as to his pain, his state of mind, and mental and emotional well being or condition. This is clearly within Plaintiff's competency to give testimony.

That statement is unexceptionable but for its inclusion of "mental and emotional well being or condition," which sounds like the impermissible type of self-diagnosis barred by such cases as Walker v. Shansky, 28 F.3d 666, 672 (7th Cir. 1994). City's motion **[*5]** is granted except to the extent that Ichile has thus marked out a permissible area for his own testimony. n2

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -

n2 Needless to say, City's counsel will be free to cross-examine Ichile to establish such matters as his failure to seek or obtain professional help, just as City's counsel will be free to urge that the factfinder should discredit Ichile's testimony on that or any other legitimate ground.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - - -

Conclusion

These rulings have put the case into a posture for an early trial. This Court's minute clerk will follow up on that subject with counsel for the parties.

Milton I. Shadur

Senior United States District Judge

Date: August 14, 2000

Source: Legal > Cases - U.S. > Federal Court Cases, Combined
Terms: **"self-diagnosis" /p limine** (Edit Search | Suggest Terms for My Search)
View: Full
Date/Time: Friday, January 20, 2006 - 11:50 AM EST