UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILFRED HART | : | CASE 3:01cv2330(JCH) |
| | : | |
| | : | |
| V. | : | |
| | : | |
| | : | |
| OMPRAKASH PILLAI, M.D. | : | FEBRUARY 7, 2006 |

## TRIAL MEMORANDUM

1.  **Trial Counsel:**

    **For the Plaintiff:** John R. Williams
    Joseph Merly
    John R. Williams and Associates, LLC
    51 Elm Street, Suite 409
    New Haven, Connecticut 06510


    **For the Defendant:** Neil Parille
    Lynn D. Wittenbrink
    Assistant Attorneys General
    110 Sherman Street
    Hartford, Connecticut 06105

2.  **Jurisdiction:** The court has jurisdiction to hear this case pursuant to 42 U.S.C. § 1983..

3.  **Jury/Non-Jury:**  This is a jury case.

4.  **Length of the Trial**: It is anticipated that the case will be completed in two days, with additional time for jury deliberation.

5.  **Further Proceedings:** None at this time.

6.  **Nature of the Case:**

    a.  **Parties and Claims**: *Agreed-upon Statement*:  The plaintiff brought this action alleging that defendants Omprakash Pillai, M.D. and Edward

Blanchette, M.D. were deliberately indifferent to his right to medical care in violation of his constitutional rights secured by 42 U.S.C. § 1983.  The district court granted the defendants' motion for summary judgment.  The court of appeals reversed the district court as to defendant Pillai, but affirmed the court's ruling as to defendant Blanchette.

*Statement Preferred by the Defendant:* The plaintiff brought this action alleging that defendants Omprakash Pillai, M.D. and Edward Blanchette, M.D. were deliberately indifferent to his right to medical care in violation of his constitutional rights secured by 42 U.S.,C. § 1983.  The plaintiff claimed that defendant Pillai: (1) did not request certain tests that might have discovered the cancer sooner; and (2) once the cancer was suspected, defendant Pillai delayed in ordering the CT scan, the surgical consultation, and the surgery.  The plaintiff alleged that defendant Blanchette failed to follow up concerning the plaintiff's treatment when contacted on one occasion requesting permission to authorize placement in an infirmary.  The district court granted the defendants' motion for summary judgment.  The court of appeals reversed the district court as to defendant Pillai, but affirmed the court's ruling as to defendant Blanchette.  The court of appeals held that a jury might be able to find that Dr. Pillai should have ordered additional tests.  It did not discuss the question of whether Dr. Pillai delayed in requesting the CT scan, the surgical consultation and the surgery.  Dr. Pillai asserts that the court of appeals by implication affirmed the district court's ruling concerning this portion of the case.

*The plaintiff disagrees.*

b.    **Claims Pursued:** The defendant was deliberately indifferent to the plaintiff's serious medical needs, in violation of the Eighth Amendment prohibition on cruel and unusual punishment.  As a proximate result, the plaintiff suffered needless pain, illness and emotional distress.

c.    **Defenses Pursued:** The defendant asserts that, to the extent that his conduct was wrongful, he is protected by the doctrine of qualified immunity.

d.    **Joint Statement to be Read to the Jury:**

This case is a claim by an inmate confined to the custody of the Connecticut Department of Correction against a physician employed the University of Connecticut Correctional Managed Health Care, Dr. Omprakash Pillai.  Beginning in 1998, Mr. Hart started complaining of various gastrointestinal problems including stomach pain, vomiting, nausea and diarrhea.  Dr. Pillai began treating the plaintiff on February 11, 2000.  It was discovered that the plaintiff had a carcinoid cancer of the bowel, which was the cause of the plaintiff's symptoms.  The cancer was removed on November 21, 2000.  The surgery was successful and the cancer has not reappeared.

Mr. Hart claims that Dr. Pillai was deliberately indifferent to his known, serious medical condition in violation of his right to be free from cruel and unusual punishment secured by the United States Constitution.  Mr. Hart contends that Dr. Pillai should have requested tests and other procedures that he did not request and that he should have taken steps to expedite the plaintiff's surgery.

Dr. Pillai denies Mr. Hart's claim that he was deliberately indifferent to his medical needs. He asserts that that the medical care he provided the plaintiff was appropriate and that he treated Mr. Hart to the best of his abilities.

7.    **Trial by Magistrate Judge:** The parties do not consent to having this case tried by a magistrate judge.

8.    **List of Witnesses:**

The plaintiff:

Wilfred Hart
Osborn Correctional Institution
335 Bilton Road
Somers, Connecticut

The plaintiff will describe in detail all of his relevant experiences and his injuries and other damages. His testimony will consume approximately two hours.

Omprakash Pillai, M.D.
Correctional Managed Health Care
263 Farmington Avenue
Farmington, Connecticut 06030

The defendant will describe his involvement with the plaintiff and will attempt to explain his conduct. His testimony will take between one and two hours.

Custodian of Records
Department of Correction
24 Wolcott Hill Road
Wethersfield, Connecticut

This witness will authenticate the plaintiff's medical records.

<u>The defendants:</u>

The defendant will definitely call:

Omprakash Pillai, M.D.
Correctional Managed Health Care
263 Farmington Avenue
Farmington, Connecticut 06030

Dr. Pillai will testify concerning the medical treatment he and other DOC physicians provided the plaintiff. Cross and direct of Dr. Pillai is expected to take four hours.

Edward Blanchette, M.D.
24 Wolcott Hill Road
Wethersfield, Connecticut 06109

Dr. Blanchette will testify as an expert concerning the appropriateness of the treatment afforded Mr. Hart by Dr. Pillai and other DOC physicians. Cross and direct of Dr. Blanchette is expected to take four hours. He also will testify as a fact witness concerning the provision of medical services within the DOC.

The defendant may call:

Cheryl Malcolm, R.N. (or designee)
Correctional Managed Health Care
263 Farmington Avenue
Farmington, Connecticut 06030

Nurse Malcolm (or her designee) will testify concerning the provision of medical services within the DOC and the process by which the Utilization Review Committee considers requests for medical services. Her testimony is expected to last two hours (direct and cross). *[If a designee testifies instead of Ms. Malcolm, the plaintiff may object to some or all of the testimony of such witness on grounds of hearsay.]*

John Gittzus, M.D.
Correctional Managed Health Care
263 Farmington Avenue
Farmington, Connecticut 06030

Dr. Gittzus will testify concerning his treatment of the plaintiff.   His

testimony is expected to last two hours (direct and cross).

David Giles, M.D.
John Dempsey Hospital
Farmington Avenue
Farmington, Connecticut

Dr. Giles will testify concerning his treatment of the plaintiff.   His

testimony is expected to last one hour (direct and cross).

Monica Farinella, D.O.
UCONN Correctional Managed Health Care
263 Farmington Avenue
Farmington, Connecticut 06030

Dr. Farinella will testify concerning her treatment of the plaintiff.   Her

testimony is expected to last two hours (direct and cross).

Custodian of Records
Department of Correction
24 Wolcott Hill Road
Wethersfield, Connecticut

A custodian of records may be called to testify concerning the custody of

the plaintiff's medical and other records.

Patricia Ottolini, R.N. and/or her designee
Correctional Managed Health Care
263 Farmington Avenue
Farmington, Connecticut 06030

Nurse Ottolini will testify concerning the nursing care afforded the plaintiff.

Her testimony is expected to last two hours (direct and cross).

9.    **Deposition Testimony:**  None.

10.    **Interrogatories/Requests to Admit**: None.

11.    **Exhibits:**

The Plaintiff

1.  All of the plaintiff's medical records since entering custody.

The Defendant

501.    The Plaintiff's Entire Department of Correction Medical File

502.    Mittimuses of the plaintiff confining him to the custody of the Department of Correction. [Plaintiff objects on grounds of lack of relevance and undue prejudice.]

503.    Certified copy of the plaintiff's conviction record. [Plaintiff objects on grounds of lack of relevance and undue prejudice.]

504.  Sections from the plaintiff's master file. [Plaintiff may object on grounds of lack of relevance and undue prejudice, depending upon what sections the defendant offers.]

12.    **Anticipated Evidentiary Problems**

None except the objections to proposed exhibits 502 and 503 noted above.

13.    **Motions in limine:**

1.    Motion to Preclude Mention of the Plaintiff's Belief that he Suffered From Cancer.  The defendant seeks to preclude the mentioning of  the plaintiff's

claim that he believed he suffered from cancer because the plaintiff is not a physician or medical expert.

14.    **Glossary:** See attached exhibit.

15.    **Trial to Jury:**

    a.    **Stipulated Facts and Law:**

    1.    The plaintiff, Wilfred Hart, is an inmate confined to the custody of the Department of Correction ("DOC").

    2.    Mr. Hart entered the custody of the DOC on May 18, 1990 and has been incarcerated continuously since then.

    3.    The defendant, Dr. Omprakash Pillai, is employed by UCONN Managed Correctional Managed Care.   Dr. Pillai began his employment on January 3, 2000.

    b.    **Jury:**

        1.    **Proposed Voir Dire:** See attached exhibits

        2.    **Proposed Jury Instructions:**  See attached exhibits

        3.    **Proposed Jury Interrogatories:** See attached exhibits

THE PLAINTIFF

BY:_____

    JOHN R. WILLIAMS
    Federal Bar No. ct00215
    51 Elm Street
    New Haven, CT 06510
    203/562-9931
    FAX:  203/776-9494
    E-Mail: jrw@johnrwilliams.com
    His Attorney

THE DEFENDANT

BY:_____

    NEIL PARILLE
    Federal Bar No. ct15278
    Assistant Attorney General
    110 Sherman Street
    Hartford, CT 06105
    860/808-5450
    FAX: 860/808-5593
    E-Mail: Neil.Parille@po.state.ct.us
    His Attorney

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILFRED HART                                    :        CASE 3:01cv2330(JCH)
                                                :
                                                :
V.                                              :
                                                :
                                                :
OMPRAKASH PILLAI, M.D.                           :        FEBRUARY 7, 2006

## THE DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS

1.      This is a civil rights action where the plaintiff, who is an inmate confined to the custody of the Connecticut Department of Correction, alleges that the defendant, a physician employed by the Department of Correction, was deliberately indifferent to the plaintiff's medical needs concerning his gastroenterological symptoms, including vomiting and stomach pain.  The plaintiff also claims that the physician did not diagnose his cancer in a timely manner.

Having heard this brief summary, is there any reason why you might have difficulty deciding this case in a fair and unbiased manner if you were chosen to serve on this jury?  If so, please explain.

2.      Have you, any member of your family or close friends ever been involved in what you consider to be a negative or unpleasant experience with a physician, nurse or other member of the medical profession?  If so, do you feel that this experience would make it difficult for you to be fair and impartial in deciding this case?

3.      Have you, any member of your family or close friends ever filed a complaint against a physician, nurse or other medical practitioner?  If so, please describe the circumstances surrounding the complaint and the outcome thereof.

4.    Does anyone here have any feelings or beliefs that a physician employed by the Connecticut Department of Correction would be any less competent or less diligent than other physician simply because he works for the Department of Correction?

5.    Have you, or anyone close to you, ever been arrested?  Spent time in jail?  Visited someone in jail?  Worked in a jail?  If so, do you feel that this experience would influence your ability to be neutral and fair in deciding this case?  In what way?

6.    Have you, any member of your family or close friends ever been a party to a lawsuit?  If so, please state whether you were a plaintiff or defendant, whether it was an unpleasant experience or not, whether you have any negative feelings about the justice system as a result of your experience?

7.    Have you ever served on a jury before?  If so, please identify the location and nature of the case or cases on which you served.

8.    Have you, or has any member of your family, ever been involved in what you consider to be a negative or unpleasant experience with the Department of Correction or any employee of the Department of Correction?  If so, explain.

9.    Have any of you heard or read anything about the Department of Correction or its employees which would in any way interfere with your ability to be objective and impartial in this case?

10.    Have you or has any member of your family ever been sued by the State of Connecticut or any other governmental agency, or filed a lawsuit against

the State of Connecticut or any other governmental agency?  If so, do you feel that this experience would influence your ability to be neutral and fair in deciding this case?

11.    Does anyone believe that monetary damages should be awarded to the plaintiff just because he has filed a lawsuit or just because he allegedly has been injured?

12.    In considering this case, if the evidence so warranted, would you have any difficulty in rendering a verdict for the defendant and against the plaintiff, despite any feelings of sympathy you may have for him?

13.    Do you have any physical or medical problems that would make it difficult for you to sit as a juror?

14.    Is there anything in your education, background or experience or otherwise that leaves you with any preconceived notion, bias, prejudice in a case such as this that would keep you from being a fair and impartial juror if you are selected?

THE DEFENDANTS

BY:_____
　　　　NEIL PARILLE
　　　　Federal Bar No. ct15278
　　　　Assistant Attorney General
　　　　110 Sherman Street
　　　　Hartford, CT 06105
　　　　860/808-5450
　　　　FAX: 860/808-5593
　　　　E-Mail: Neil.Parille@po.state.ct.us
　　　　Their Attorney

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILFRED HART | : | CASE 3:01CV2330(JCH) |
| | : | |
| V. | : | |
| | : | |
| | : | |
| OMPRAKASH PILLAI, M.D. | : | FEBRUARY 7, 2006 |

## THE DEFENDANT'S PROPOSED JURY INSTRUCTIONS

### IMPEACHMENT BY FELONY CONVICTION:

You have heard testimony and have been presented with exhibits regarding the plaintiff's prior felony convictions. The prior convictions were put into evidence for you to consider in evaluating his credibility. You may consider the fact that he is a convicted felon in deciding how much weight to give his testimony. It is for you to decide how much consideration, if any, to give to the convictions when you are evaluating his credibility and assessing how much of his testimony to accept.

**AUTHORITY:** United States v. Corcione, 593 F.2d 111 (2d Cir. 1979). ¶ 76.01, Instruction 76-6; Rule 609(a), Federal Rules of Evidence; Jury Instruction in King v. Crose, et al., No. 3:93CV1273 (AHN).

### BURDEN OF PROOF:

Now, I would like to explain the burden of proof. As I mentioned to you at the beginning of trial, this is a civil case. All of you have heard of proof beyond a reasonable doubt, which is the standard of proof in a criminal trial. That requirement does not apply to a civil case such as this one, and you have to put it out of your mind.

In all civil cases, the plaintiff has the burden of proving each essential element of his claim to you by a preponderance of the evidence. All this really means is that if the plaintiff is trying to prove a fact to you, he must show that the fact is more likely true than not true. "Preponderance of the evidence" also means "the greater weight of the credible evidence." By "credible evidence," the law simply refers to that evidence which you find worthy of belief. By "weight of the evidence," the law refers not, for example, to the number of witnesses or exhibits, but rather, to the quality of the evidence on one side or the other.

In order for the party with the burden of proof to prevail on a particular claim, your consideration of all the credible evidence must tend to persuade you to believe what that party claims. If after considering all of the evidence, you find that it weighs in favor of that party, then that party has sustained his or her burden of proof and you must render a verdict in his or her favor. If, however, the evidence weighs in favor of the other party, or even if, in your mind, the evidence is evenly balanced between the two sides, then the party with the burden of proof

has failed to sustain the burden of proof and your finding must be for the other party. To put it differently, if you were to put all of the plaintiff's evidence on one side of a scale, and all of the defendant's evidence on the other side of the scale, the plaintiff would have to make the scales tip somewhat in his favor. If he fails to meet this burden, the verdict must be for the defendant.

In evaluating whether a party has carried the burden of proof by a preponderance of the evidence, your conclusion cannot be based on mere speculation or conjecture. You are permitted, however, to draw reasonable inferences from the facts that you find have been proved. Inferences are deductions or conclusions which reason and common sense lead you to draw from such facts.

**AUTHORITY:** Jury Instruction in <u>Thaddeus Taylor v. Dennis Jones, et al.</u>, No. 3:97CV973 (WIG).

**<u>THE STATUTE:</u>**

The law to be applied in this case is the federal civil rights law which provides a remedy for individuals who have been deprived of their constitutional rights under color of state law. Section 1983 of Title 42 of the United States Code states:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

**AUTHORITY:** Modern Federal Jury Instructions ¶ 87.03, Instruction 86-65.

**<u>ELEMENTS OF A SECTION 1983 CLAIM:</u>**

In order to prove each of his claims under Section 1983, the plaintiff must establish, *by a preponderance of the evidence*, the following three elements:

First, that the defendant acted under color of the authority of the State of Connecticut.

Second, that the defendant deprived the plaintiff of his constitutional rights. Third, that the acts of the defendant were the proximate or legal cause of the plaintiff's injuries as alleged in the complaint.

The plaintiff may not recover unless he establishes, by a preponderance of the evidence, each of these elements.

**AUTHORITY:** Modern Federal Jury Instructions, ¶ 87.03, Instruction 87-68; Court's Instructions to the Jury in <u>King v. Crose, et al.</u>, No. 3:93CV-1273 (AHN); <u>Parratt v. Taylor</u>, 451 U.S. 527, 101 S.Ct. 1908 (1981).

**<u>FIRST ELEMENT – ACTION UNDER COLOR OF STATE LAW:</u>**

The defendant acknowledges that he was employed by the State of Connecticut and stationed at a Department of Correctional facility during the period in question.

I therefore instruct you, as a matter of law, that the defendant was acting under color of state law during the time that he was working for the Department of Correction.

**AUTHORITY:**  Modern Federal Jury Instructions ¶ 87.03, Instructions 87-70.

**SECOND ELEMENT – DEPRIVATION OF FEDERAL RIGHT:**

Keeping these general requirements of a Section 1983 civil rights claim in mind, I shall now instruct you concerning the specific constitutional right of which the plaintiff claims he was deprived.  The plaintiff in this case claims that he was denied medical care by the defendant and therefore was deprived of his constitutional rights.

The record presented in this case shows that the plaintiff was a sentenced inmate during the period of time covered by this complaint.  To evaluate whether a sentenced inmate has suffered an unconstitutional denial of medical care, we are governed by the requirements of the Eighth Amendment to the United States Constitution.  The Eighth Amendment prohibits prison officials from inflicting cruel and unusual punishment on those convicted of crimes which includes punishments that involve the unnecessary and wanton infliction of pain.

To prevail on his claim of an unconstitutional denial of medical care, the plaintiff must prove by a preponderance of the evidence that he had a serious medical need and that the defendant was deliberately indifferent to his serious medical need.  A serious medical need is one that contemplates a condition of urgency, a condition that may produce death, degeneration or extreme pain.  It is undisputed that the plaintiff had a serious medical condition.

To establish deliberate indifference, the plaintiff must show that the defendant had a culpable state of mind, that is to say, he must show that the defendant knew that the plaintiff had a serious medical need and that she recklessly disregarded that need by consciously failing to provide necessary medical care.  While the plaintiff need not prove that the defendant acted, or failed to act, for the very purpose of causing him harm, it is insufficient to simply show that the defendant failed to alleviate a serious medical condition which he should have perceived but did not perceive.

Mere negligence in giving or failing to give medical treatment cannot form the basis for liability under the Eighth Amendment.  Similarly, a disagreement between an inmate and prison medical staff over what constitutes appropriate medical care does not state a claim under the Eighth Amendment.  An inmate does not have a constitutional right to the treatment of his choice.  A treating physician or nurse is liable under the Eighth Amendment only if his conduct is repugnant to the conscience of mankind.  The conduct complained of must shock the conscience or constitute a barbarous act.

**AUTHORITY:**  Court's Instruction to the Jury in King v. Crose, et al., No. 3:93CV-1273 (AHN); Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994); Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321 (1991); Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285 (1976); Hathaway v. Coughlin, 37 F.3d 63 (2d Cir. 1994); Dean v. Coughlin, 804 F.2d 207 (2d Cir. 1986); Corby v. Conboy, 457 F.2d 251 (2d Cir. 1972); Malsh v. Austin, 901 F. Supp. 757, 762 (S.D.N.Y. 1995); Ross v. Kelly, 784 F. Supp. 35, 44 (W.D.N.Y. 1992 ), aff'd 970 F. 2d 896 (2d Cir. 1992);

McCloud v. Delaney, 677 F. Supp. 203, 232 (S.D.N.Y. 1998); Tomarkin v. Ward, 534 F. Supp. 1224 (S.D.N.Y. 1982).

**STATE OF MIND – NEGLIGENCE:**

An act is negligent if the defendant was under a duty or obligation, recognized by law, that required him to adhere to a certain standard of conduct to protect others against unreasonable risks, and he breached that duty of obligation.  Again, you may not find for the plaintiff against the defendant if you find that the defendant's actions were merely negligent.

**AUTHORITY:**  Modern Federal Jury Instructions, ¶ 87.03, Instruction 87-78.

**THIRD ELEMENT – PROXIMATE CAUSE:**

The third element which plaintiff must prove is that the defendant's acts were a proximate cause of the injuries sustained by the plaintiff.  Proximate cause means that there must be a sufficient causal connection between the act or omission of the defendant and any injury or damage allegedly sustained by the plaintiff.  An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of each defendant's act or omissions.  If an injury was a direct result or a reasonably probable consequence of the defendant's acts or omissions, it was proximately caused by such act or omission.  In other words, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the defendants.  If you find that any defendant has proved, by a preponderance of the evidence, that the plaintiff is complaining about an injury which would have occurred even in the absence of that defendant's conduct, you must find that the defendant did not proximately cause plaintiff's injury.

A proximate cause need not always be the nearest cause either in time or in space.  In addition, there may be more than one proximate cause of an injury or damage.  Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

A defendant is not liable if plaintiff's injury was caused by a new or independent source of an injury which intervenes between the defendant's acts or omissions and the plaintiff's injury and which produces a result which was not reasonably foreseeable by the defendant.

If you find that the plaintiff suffered some injury but that his injury was the result of his own behavior or his failure to follow prescribed medical care, then the defendant would not be liable for his injury.

**AUTHORITY:**  Modern Federal Jury Instructions, ¶ 87.08, Instruction, 87-79; Graham v. Western Line Consolidated School District, 439 U.S. 410, 99 S.Ct. 693 (1979); Mt. Health City School District Board of Educ. v. Doyle, 429 U.S. 274, 97 S.Ct. 568 (1977).

**PERSONAL INVOLVEMENT:**

In order to prevail on a claim under Section 1983 against an individual, a plaintiff must prove that the defendant (1) acted under color of state law, and

(2) in a manner that deprived the plaintiff of "any rights, privileges, or immunity secured by the Constitution."  Section 1983 imposes liability for "conduct which 'subjects or causes to be subjected' the plaintiff to a deprivation of a right secured by the Constitution and laws."  Accordingly, personal involvement of a defendant in an alleged constitutional deprivation is a prerequisite to an award of damages under [Section] 1983.  It is not sufficient for the plaintiff to allege that the defendant occupied a particular position within the Department of Correction.  Instead, the plaintiff must demonstrate the defendant's direct or personal involvement in the actions which are alleged to have caused the constitutional deprivation.  And, plaintiff must prove a tangible connection between the acts of the defendant and the injuries suffered.

**AUTHORITY:**  Bass v. Jackson, 790 F.2d 260, 262 (2d Cir. 1986); Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912-13, 63 L.Ed.2d 420 (1981); Rizzo v. Goode, 423 U.S. 362, 370-71, 96 S.Ct. 598, 604, 46 L.Ed.2d 561 (1976); Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986); Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994).

**QUALIFIED IMMUNITY:**

If you find that the defendant did not deprive the plaintiff of his constitutional rights, then you need not consider any of the defendant's special defenses.  However, in the event that you should find that the defendant did deprive the plaintiff of his constitutional rights, the defendant still may not be liable to the plaintiff.  This is so because in § 1983 action, an individual defendant, sued in his individual capacity, may be entitled to what is called qualified immunity.

The defendant will be entitled to a qualified immunity if, at the time she deprived the plaintiff of his constitutional rights as described above, she neither knew nor should have known that his actions were contrary to federal law.  The simple fact that a defendant acted in good faith is not enough to bring her within the protection of this qualified immunity.  Nor is the fact that a defendant was unaware of the federal law.  A defendant is entitled to qualified immunity if he or she did not know what he or she did was in violation of federal law and if a competent public official could not have been expected at the time to know that the conduct was in violation of federal law.

In deciding what a competent official would have known about the legality of defendant's conduct, you may consider the nature of the defendant's official duties, the character of his official position, the information which was known to the defendant or not known to him, and the events which confronted him.  You must ask yourself what a reasonable official in the defendant's situation would have believed about the legality of defendant's conduct.  You should not, however, consider what the defendant's subjective intent was, even if you believe it was to harm the plaintiff.  You may also use your common sense.  If you find that a reasonable official in each defendant's situation would believe his conduct to be lawful, then this element will be satisfied.

The defendant has the burden of proving that he neither knew nor should have known that his actions violated federal law.  If a defendant convinces you by a preponderance of the evidence that he neither knew nor should have known

that his actions violated federal law, then you must return a verdict for the defendant, even though you may have previously found that the defendant in fact violated the plaintiff's rights under color of state law.

**AUTHORITY:**    Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727 (1982); Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683 (1974); Anderson v. Creighton, 483 U.S. 635, 107 S.Ct. 3034 (1987); Malley v. Briggs, 475 U.S. 335, 106 S.Ct. 1092 (1986); Whitley v. Albers, 475 U.S. 312, 106 S.Ct. 1075, 1085 (1986).

## CONSIDER DAMAGES ONLY IF NECESSARY:

If the plaintiff has proven by a preponderance of the credible evidence that the defendant is liable on any of the plaintiff's claims, then you must determine the damages to which the plaintiff is entitled. However, you should not infer that the plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that the plaintiff is entitled to recovery. You should not consider the question of damages at all, unless you have first determined that the defendant did violate the plaintiff's constitutional rights and that the defendant is not entitled to qualified immunity.

**AUTHORITY:**    Eulo v. Deval Aerodynamics, Inc., 47 F.R.D. 35 (E.D.Pa. 1969), modified on other grounds, 430 F.2d 325 (3d Cir. 1970, cert. denied, 401 U.S. 974, 91 S.Ct. 1189, 28 L.Ed.2d 322 (1971); Kreiger v. Bausch, 377 F.2d 398 (10th Cir. 1967).

## TWO KINDS OF DAMAGES:

There are two kinds of damages that you may consider. The first is compensatory damages. Compensatory damages represent a sum of money that will fairly, adequately and reasonably compensate a person for harm proximately caused by another's conduct. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize a defendant. You shall award actual, or compensatory, damages only for those injuries which you find plaintiff has proven by a preponderance of the evidence to have been the direct result of conduct by a defendant. That is, you may not simply award actual damages for any injury suffered by plaintiff. Compensatory, or actual, damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence. You may award compensatory damages only for those injuries which were proximately caused by the unconstitutional conduct of the defendant.

Plaintiff claims to have sustained personal injury. Plaintiff may recover for any bodily injury sustained and any resulting pain and suffering, if and to the extent that such were proximately caused by defendant. There is no exact standard for fixing the compensation to be awarded on account of such elements of damages. Any such award should be fair and just in light of the evidence.

The law does not recognize an inherent or abstract monetary value of a constitutional right; therefore, no compensatory damages may be awarded for a violation of a constitutional right absent proof of actual injury or loss. If you do find that the defendant violated plaintiff's constitutional rights, but you do not find that the plaintiff suffered actual injury or loss by virtue of his constitutional rights

having been violated, then you may only award nominal damages of no more than one dollar for each violation of plaintiff's constitutional rights.

**AUTHORITY:**  Story Parchment Co. v. Paterson Parchment Paper Co., 282 U.S. 555, 51 S.Ct. 248 (1931); Kinty v. United Mine Workers of America, 544 F.2d 706 (4th Cir. 1976), cert. denied, 429 U.S. 1093 (1977); Northwestern National Casualty Co. v. McNulty, 307 F.2d 432 (5th Cir. 1962); U.S. Castings Co. v. Knight, 754 F.2d 1363 (7th Cir. 1985); Luria Brothers & Co. v. Pielet Brothers Scrap Iron Metal, Inc., 600 F.2d 103 (7th Cir. 1979).

The second type of damages is called punitive damages.  If you decide to award compensatory or nominal damages to the plaintiff, you may then consider whether or not to award him punitive damages.  The law permits the jury, under certain circumstances, to award punitive damages in order to punish a wrongdoer for some exceptional misconduct and to serve as an example or warning to others not to engage in wrongful conduct.

If you find that the acts of the defendant were done maliciously, wantonly, or in reckless or callous disregard or indifference to the federally protected rights of the plaintiff, then you may award punitive damages as you find proper.

Whether or not to make any award of punitive damages is a matter exclusively within the province of the jury.  However, you must bear in mind that punitive damages are only allowed if you have first found that plaintiff is entitled to compensatory damages, even if such damages are nominal.  You must also bear in mind that the law requires that punitive damages, if awarded, must be fixed with calm discretion and sound reason.  They must never be awarded, or fixed in amount, because of bias, sympathy or prejudice with respect to any party to the case.

**AUTHORITY:**  Memphis Community School District v. Stachura, 477 U.S. 299, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986); Smith v. Wade, 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983); City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981); Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980); Carey v. Piphus, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978); Vasbinder v. Ambach, 926 F.2d 1333 (2d Cir. 1991).

**ADDITIONAL REQUESTS**:

The defendant respectfully requests leave to supplement his request for jury instructions after the evidence and prior to the charging conference.  This request is made in that the defendant cannot reasonably anticipate how the evidence will be presented and what instructions, in addition to the foregoing, will be necessary to enable the jury to reach their verdict.

DEFENDANT
Omprakash Pillai, M.D.

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:_____
Neil Parille
Assistant Attorney General
Federal Bar No. #Ct.15278
110 Sherman Street
Hartford, CT 06105
Tel.:  (860) 808-5450
Fax:  (860) 808-5593
Neil.Parille@po.state.ct.us

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILFRED HART | : | CASE 3:01CV2330(JCH) |
| | : | |
| | : | |
| V. | : | |
| | : | |
| | : | |
| OMPRAKASH PILLAI, M.D. | : | FEBRUARY 7, 2006 |

## THE DEFENDANT'S PROPOSED JURY FORM AND INTERROGATORIES

**PART I.    LIABILITY AS TO DEFENDANT PILLAI:**

1.    Do you find, by a preponderance of the evidence, that defendant Pillai was deliberately indifferent to the plaintiff's serious medical needs during the time period of February 18, 2000 (when he first met Mr. Hart) until August 11, 2000 (when Dr. Gittzus felt a mass in Mr. Hart's abdomen)?

Yes _____         No _____

If your answer to question 1 is yes, go to question 2.  If your answer to question 1 is no, you have found that defendant Pillai did not violate the plaintiff's constitutional rights.  Your deliberations are complete.  Please sign the verdict form and report your verdict.

2.    Do you find that the acts or omissions of defendant Pillai were the proximate cause of injuries alleged by the plaintiff?
Yes _____         No _____

If your answer to question 2 is yes, go to question 3.  If your answer to question 2 is no, you have found that defendant Pillai is not liable for violating plaintiff's constitutional rights.  Your deliberations are complete. Please sign the verdict form and report your verdict.

3.    Do you find that it was objectively reasonable for defendant Pillai to believe that his actions did not violate the plaintiff's constitutional rights?
Yes _____         No _____

If your answer to question 3 is yes, you have found that defendant Pillai is entitled to qualified immunity, and is not liable to the plaintiff.  Your deliberations are complete.  Please sign the verdict form and report your verdict.  If your answer to question 3 is no, you have found defendant Pillai

liable to the plaintiff and in Part II you will consider what type of damages to award against him.

**PART II      DAMAGES:**

**A.      Liability:**

You may only award damages if you have found the defendant liable to the plaintiff.  Based on your responses to the questions in Parts I, have you found defendant Pillai liable to the plaintiff?

Yes _____                    No _____

If you answered no, you have found that the defendant is not liable to the plaintiff.  Your deliberations are complete.  Please sign this verdict form and report your verdict.

If you have answered yes to the above, you have found the defendant liable to the plaintiff.  Go to Part B below.

**B.      Compensatory Damages:**

1.      Do you find that the plaintiff suffered any actual damages as a result of the violation of his constitutional rights which you have found to have occurred in this case?

       Yes _____    No _____

2.      If you answered "no" to question 1 above, you have found that the plaintiff has failed to prove any actual damages.  You must therefore award nominal damages in the amount of $1.00.  Please enter that amount below.

       $ _____

3.      If you answered "yes" to question 1 above, what amount of money in actual damages is fair and just to compensate the plaintiff for his injuries proximately caused by the defendant(s)?

       $ _____

**C.      Punitive Damages:**

1.      If you have found defendant Pillai liable to the plaintiff, and keeping in mind my instructions on punitive damages, do you find that defendant Pillai should be punished or deterred from future misconduct by an award of punitive damages?

       Yes _____    No _____

If your answer to question 1 is "yes," what amount of punitive damages should be awarded against defendant Pillai?

       $ _____

When you have finished answering the appropriate questions on this form, you may report your verdict.

This form should be signed and dated by the Jury Foreperson.

_____       _____
       Date                                                Foreperson

DEFENDANT
Omprakash Pillai, M.D.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY:_____
Neil Parille
Assistant Attorney General
Federal Bar No. #Ct.15278
110 Sherman Street
Hartford, CT 06105
Tel.: (860) 808-5450
Fax: (860) 808-5593
Neil.Parille@po.state.ct.us

23

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILFRED HART | : | CASE 3:01CV2330(JCH) |
| | : | |
| | : | |
| V. | : | |
| | : | |
| | : | |
| OMPRAKASH PILLAI, M.D. | : | FEBRUARY 7, 2006 |

## THE DEFENDANT'S GLOSSARY OF MEDICAL TERMS

1.    Carcinoid Cancer: A very rare and slow-developing tumor.  It is one of the most difficult cancers to detect.

2.    CAT scan: Computerized axial tomography scan. An imaging technique that uses a computer to organize the information from multiple x-ray views and construct a cross-sectional image of areas inside the body. Also called CT scan.

3.    Epigastric: Having to do with the upper middle area of the abdomen.

3.    Gastrointestinal: Pertaining to stomach, small intestine, large intestine, colon, rectum and sometimes the liver, pancreas and gallbladder.

4.     Laparotomy: An operation to open the abdomen.

5.    Metastasis: The spread of cancer from one part of the body to another. Tumors formed from cells that have spread are called "secondary tumors" and contain cells that are like those in the original (primary) tumor.

6.    Neoplastic Process: Cancer.

DEFENDANT
Omprakash Pillai, M.D.

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:_____
Neil Parille
Assistant Attorney General
Federal Bar No. #Ct.15278
110 Sherman Street
Hartford, CT 06105
Tel.:  (860) 808-5450
Fax:  (860) 808-5593
Neil.Parille@po.state.ct.us

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILFRED HART | : | CASE 3:01CV2330(JCH) |
| | : | |
| | : | |
| V. | : | |
| | : | |
| | : | |
| OMPRAKASH PILLAI, M.D. | : | FEBRUARY 7, 2006 |

## THE DEFENDANT'S STATEMENT CONCERNING THE EXPERT TESTIMONY OF DR. EDWARD BLANCHETTE

The defendant will call as an expert Edward Blanchette, M.D. Dr. Blanchette is a physician licensed to practice medicine in the State of Connecticut. He is board certified in infectious diseases and internal medicine. Dr. Blanchette is director of clinical medicine for the Connecticut Department of Correction. In this capacity he supervises the provision of medical care to approximately 18,000 inmates within the custody of the DOC.

Dr. Blanchette will testify concerning the treatment afforded by DOC/University of Connecticut physicians. He will testify that: (1) the medical care provided by Dr. Pillai to the plaintiff was appropriate and met the applicable standard of care; and (2) the medical care provided by other physicians, nurses and medical personnel by DOC and non-DOC personnel was appropriate and met the applicable standard of care. This opinion is relevant because if the treating medical personnel were not negligent in the provision of care, the defendant is immune from liability under 42 U.S.C. § 1983 analysis. He will base this opinion on his expertise and his review of the medical records.

Dr. Blanchette's Rule 26 disclosure is attached to this pleading.

DEFENDANT
Omprakash Pillai, M.D.

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:_____
Neil Parille
Assistant Attorney General
Federal Bar No. #Ct.15278
110 Sherman Street
Hartford, CT 06105
Tel.:  (860) 808-5450
Fax:  (860) 808-5593
Neil.Parille@po.state.ct.us

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

WILFRED L. HART                         :

VS.                                     :        NO. 3:01CV2330(JCH)

EDWARD BLANCHETTE, M.D., ET AL. :        FEBRUARY 7, 2006

**PLAINTIFF'S GLOSSARY OF MEDICAL TERMS**

**Carcinoid**    The word is a noun, not an adjective.  It is a small, yellowish

amino-acid and peptide-secreting tumor usually found in the

gastrointestinal tract and lung.

*The Random House Dictionary of the English Language (2d Ed. Unabridged -*

*1983)*

THE PLAINTIFF

BY_____
            JOHN R. WILLIAMS (ct00215)
            51 Elm Street
            New Haven, CT 06510
            (203) 562-9931
            FAX:  (203) 776-9494
            E-Mail: jrw@johnrwilliams.com
            His Attorney

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

WILFRED L. HART                          :

VS.                                      :        NO. 3:01CV2330(JCH)

EDWARD BLANCHETTE, M.D., ET AL. :        FEBRUARY 7, 2006

### PLAINTIFF'S PROPOSED VOIR DIRE QUESTIONS

1.  This is a lawsuit for civil rights violations brought by a prisoner against a prison doctor for the alleged denial of medical care when the plaintiff was suffering from cancer.  Is there any reason why you would have difficulty being completely neutral and fair in deciding this case if you are chosen to serve on the jury?

2.  Is there anyone here who would prefer not to sit on a jury concerning a case of this kind?

3.  Does anyone here feel for any reason that prisoners who believe that they have been treated illegally and unfairly should not bring suit against prison physicians?  If so, please explain.

4.  Have you or anyone close to you ever been employed by any law enforcement agency in any capacity?  If so, please explain.

5.  Have you or anyone close to you ever been employed by any municipality in the State of Connecticut?

6.  Has anyone here or anyone close to you ever been employed by any other Governmental unit in the State of Connecticut or elsewhere?

7.  Do you know or have you read anything or heard anything about this case, the plaintiff or the defendant or either of the lawyers involved in the case?

8.  Has anyone here ever served as an appointed or elected official of state, city or local Government?

9.  Has anyone here or anyone close to you ever been involved in any political campaigns or elections in the State of Connecticut?

10.  Has anyone here or any close to you ever been employed by an attorney?

11.  Would you for any reason tend to favor one side or the other in this case or in regard to the evidence which may be presented?

12.  Other things being equal, would you tend to trust or believe the testimony of a prison medical official more or less than that of an ordinary citizen merely because the testimony came from a prison medical official?

13.  Does anyone here have any feeling that the testimony of a prison medical official is entitled to greater or lesser weight or believability than that of a prisoner?

14.  Have you or anyone close to you ever been the victim of a crime?

15.  Have you, or has anyone close to you, ever been a party to a lawsuit? If so, please explain.

16.  Where are you employed?

17.  If you are married, where is your spouse employed?

THE PLAINTIFF

BY_____
JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
(203) 562-9931
FAX:  (203) 776-9494
E-Mail: jrw@johnrwilliams.com
His Attorney

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

WILFRED L. HART                        :

VS.                                    :        NO. 3:01CV2330(JCH)

EDWARD BLANCHETTE, M.D., ET AL. :        FEBRUARY 7, 2006

## PLAINTIFF'S REQUESTS TO CHARGE

The plaintiff respectfully requests the Court to charge the jury as follows:

1.  The plaintiff has brought this lawsuit to obtain redress for what he contends were violations of his rights under the United States Constitution, specifically his right to be free from cruel and unusual punishment while he was a state prisoner.  Federal law provides that any individual may seek redress in this Court, by way of money damages, against any person or persons who, under color of State law, deprive that individual of any of his constitutional rights. "Acting under color of law" means "under pretense of law," and simply means acting in one's capacity as, in this case, a prison doctor.  In this case, the plaintiff has met her burden of proving that the defendant acted under color of law, so you need not concern yourselves with that issue.  [Monroe v. Pape, 365 U.S. 167 (1961); Pitchell v. Callan, 13 F.3d 545 (2d Cir. 1994); Conner v. Donnelly, 42 F.3d 220 (4th Cir. 1994); Stengel v. Belcher, 522 F.2d 438, 441 (6th Cir. 1975).]

2.  It is not necessary to find that the defendant had any specific intent to deprive the plaintiff of his civil rights in order to find in favor of the plaintiff.  The plaintiff is entitled to relief if the defendant intended the actions which resulted in

the violation of the plaintiff's rights or if the defendant acted in reckless disregard of the plaintiff's rights.  Reckless disregard of the plaintiff's rights simply means not caring whether or not those rights were being violated.  [Merriwether v. Coughlin, 879 F.2d 1037 (2d Cir. 1989); Bordanaro v. McLeod, 871 F.2d 1151, 1164 (1st Cir. 1989); Stengel v. Belcher, 522 F.2d 438 (6th Cir. 1975); Gregory v. City of Rogers, 921 F.2d 750, 755-57 (8th Cir. 1990) (Timbers, J.); Wood v. Ostrander, 879 F.2d 583 (9th Cir. 1989); Caballero v. City of Concord, 956 F.2d 204 (9th Cir. 1992); Presnick v. Santoro, 832 F. Supp. 521, 528 (D. Conn. 1993) (Cabranes, J.).]

    3.  The testimony of a state employee, whether that employee is a doctor or anybody else, is entitled to no special or exclusive sanctity.  An public official who takes the witness stand subjects his or her testimony to the same examination and the same tests that any other witness does.  People employed by the government do not stand in any higher station in the community than other persons, and their testimony is not entitled to any greater weight. [Wright & Havanich, CONN. JURY INSTRUCTIONS, (2d Ed.) §667.]

    4.  If you find that the defendant is liable to the plaintiff on any of the grounds advanced in this lawsuit, you should then consider the question of damages.  There are essentially two kinds of damages which can be awarded in a lawsuit -- compensatory damages and punitive damages.  Compensatory damages are designed to compensate the plaintiff for injuries suffered by the plaintiff.  These injuries include money actually spent or debts incurred as a result of the injury, as well as emotional anguish, impairment of reputation,

personal humiliation, and other suffering.  In fixing compensatory damages you should determine the amount of money which will, in your judgment, reasonably and fairly compensate the plaintiff for any harm of any kind which was proximately caused by the wrongful conduct of the defendant.  Among the elements of injury and harm for which compensation may be awarded are:

a)  The physical harm to the plaintiff during and after the impairment or injury received, including imprisonment and loss of freedom;

b)  The emotional harm to the plaintiff during and after the impairment or injury received, including emotional distress or pain, humiliation, personal indignity, embarrassment, fear, anxiety and/or anguish which the plaintiff has suffered or may with reasonable certainty be expected to suffer in the future. Actual loss is not limited to expenses or debts incurred.  Injuries of any kind are to be fully and fairly compensated if they are proximately caused by the constitutional violation.  You should award damages in such a case to the extent that the loss or injury can be reasonably quantifiable and not simply on the basis of the inherent value of the rights violated.  The damages you award should be proportional to the actual loss sustained, whether that loss is physical or mental or emotional or one of the other types of loss I have previously discussed with you.  [Memphis Community School District v. Stachura, 477 U.S. 299 (1986); Wheatley v. Beetar, 637 F.2d 863, 865-68 (2d Cir. 1981); Ellis v. Blum, 643 F.2d 68, 82-84 (2d Cir. 1981); Walters v. City of Atlanta, 803 F.2d 1135 (11th Cir. 1986); Johnson v. Franklin, 112 Conn. 228, 229, 152 Atl. 64 (1930); Childs v. Bainer, 35 Conn. App. 301, 304 (1994); Creem v. Cicero, 12 Conn. App. 607,

611, 533 A.2d 234 (1987); <u>Jeffries v. Johnson</u>, 27 Conn. App. 471, 476, 607 A.2d 443 (1992).]

5.  You may also decide whether the plaintiff is entitled to the award of any punitive damages.  In a case like this one, you may consider whether acts or omissions of the defendant, if you find them to have been proved, were so serious that the defendant should pay a penalty so that in the future others will be deterred from engaging in the same conduct.  Whether you decide to award any punitive damages should be based on whether you find that the defendant engaged in any one of the following things:

1)  Willful or malicious violation of the constitutional rights of the plaintiff;

2)  Any intentional act by the defendant in gross disregard of the rights of the plaintiff;

3)  Reckless disregard by the defendant of whether or not he was violating the rights of the plaintiff.

If you find any one of these three things to have been proven, then you should award punitive damages.  [<u>Smith v. Wade</u>, 461 U.S. 30 (1983); <u>Stolberg v. Board of Trustees</u>, 474 F.2d 489 (2d Cir. 1973); <u>McFadden v. Sanchez</u>, 710 F.2d 907 (2d Cir. 1983); <u>Savarese v. Agriss</u>, 883 F.2d 1194, 1204 (3d Cir. 1989); <u>Larez v. City of Los Angeles</u>, 946 F.2d 630, 648-49 (9th Cir. 1991); <u>Wright v. Sheppard</u>, 919 F.2d 665, 670-73 (11th Cir. 1990).]

6.  The purpose of punitive damages awards is both punishment and deterrence, and in deciding whether to award punitive damages and, if so, fixing the amount of such damages, the jury acts as the conscience of the community.

In fixing the amount of punitive damages, it is appropriate for the jury to consider all of the same factors which a trial judge would consider in imposing sentence in a criminal case. These factors include the behavior of the defendant at trial and his or her apparent lack of genuine repentance for the misconduct in question, if you find such to be the case. [Hall v. Ochs, 817 F.2d 920 (1st Cir. 1987); Rowlett v. Anheuser-Busch, Inc., 832 F.2d 194 (1st Cir. 1987); O'Neill v. Krzeminski, 839 F.2d 9 (2d Cir. 1988); Zarcone v. Perry, 572 F.2d 52 (2d Cir. 1978).]

    7.  Prison walls do not form a barrier separating prison inmates from the protections of the Constitution.  No static test exists that measures whether conditions of confinement are cruel and unusual, for the Eighth Amendment draws its meaning from the evolving standards of decency that mark the progress of a maturing society. [Turney v. Safley, 482 U.S. 78, 84 (1987); Rhodes v. Chapman, 452 U.S. 337, 346 (1981); Talib v. Gilley, 138 F.3d 211, 214 (5th Cir. 1998).]

    8.  The plaintiff in this case contends that the defendant, who was a prison doctor at the time of the events in dispute, knew or should have known that he was suffering from a serious and potentially life-threatening illness and was deliberately indifferent in providing him with treatment.  For the plaintiff prisoner to win his case in a matter of this kind, it is sufficient to show that the defendant acted with 'deliberate indifference' to the prisoner's health.  The deliberate indifference standard does not require a showing that the defendant acted or failed to act believing that harm actually would befall the plaintiff; it is enough that he acted or failed to act despite his knowledge of a substantial risk of serious

36

harm.  [Blyden v. Mancusi, 186 F.3d 252, 262 (2d Cir. 1999).  *Cf*., Johnson v.

Lewis, 217 F.3d 726, 731 (9th Cir. 2000).]

THE PLAINTIFF


BY_____
                JOHN R. WILLIAMS (ct00215)
                51 Elm Street
                New Haven, CT 06510
                (203) 562-9931
                FAX:  (203) 776-9494
                E-Mail: jrw@johnrwilliams.com
                His Attorney

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

WILFRED L. HART                     :

VS.                                 :        NO. 3:01CV2330(JCH)

EDWARD BLANCHETTE, M.D., ET AL. :        FEBRUARY 7, 2006

## **PLAINTIFF'S PROPOSED JURY INTERROGATORIES**

1. Was the defendant deliberately indifferent to the defendant's serious medical needs?

Yes_____        No_____

2. If you have answered "yes" to Question 1, what amount of money do you award the plaintiff to compensate him for injuries proximately caused by the defendant's deliberate indifference?

$_____

3. If you have answered "yes" to Question 1, what amount of money, if any, do you award the plaintiff as punitive damages against the defendant?

$_____

THE PLAINTIFF


BY_____
           JOHN R. WILLIAMS (ct00215)
           51 Elm Street
           New Haven, CT 06510
           (203) 562-9931
           FAX:  (203) 776-9494
           E-Mail: jrw@johnrwilliams.com
           His Attorney