**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

WILFRED HART,                              :
        Plaintiff                          :
                                           :
v.                                         :          CIVIL ACTION NO.
                                           :          3:01CV2330(JCH)
OMPRAKASH PILLAI, M.D.                     :
        Defendants                         :          MARCH 8, 2006

**JURY CHARGE**

1.     INTRODUCTION

You have now heard all of the evidence in the case and the final arguments
of the parties.  This brings us to the stage in the trial where you will soon
undertake your final function as jurors.  First, however, it is my duty to instruct you
concerning the law that applies to this case.

You must take the law as I give it to you.  Regardless of any opinion you
may have as to what the law is or ought to be, it would be a violation of your
sworn duty to base a verdict upon any view of the law other than the view
instructed by me.  If any party or any witness or any exhibit has stated a legal
principle different from one that I state to you in these instructions, it is my
instructions that you must follow.  My instructions are the only ones that establish
the law for your deliberations.  You must take the law as I give it to you.

When you recess to deliberate, you will have your copy of my instructions
on the law for your reference.  You must remember, though, that the instructions

1

as a whole constitute the law of this case; you should not single out any one instruction.

At the outset of this trial, I gave you some preliminary instructions that were intended to serve as an introduction to the trial and to orient you to the particular case under consideration.  The instructions that I now will give are the final and complete instructions.  If you believe that what I am going to tell you now is not consistent with the instructions I gave you at the start of the trial, you should not rely on anything different that I may have said in the preliminary instructions.  The instructions I am now giving you must guide your deliberations in this case.

II.    ROLE OF JURORS

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them. In determining these issues, no one may invade your province or function as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence.

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy, solely upon the evidence in the case and the applicable law. All persons and parties stand equal before the law and are to be dealt with as equals in this, a court of justice. I know that you will do this and in that way reach a just and true verdict.

You should be guided solely by the evidence presented during trial, without regard to the consequences of your decision. You have been chosen to try the issues of fact and to reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy or bias interfere with your clear thinking, there is a risk that you will not arrive at a fair and just verdict.

Because you are the sole and exclusive judges of the facts, I have not expressed, nor do I now indicate in this charge, any opinion as to the facts or as to what your verdict should be. The rulings I have made during the trial are not

any indication of a view of what your decision should be as to whether or not Mr. Hart has proven his case.  Of course, you will dismiss from your mind completely any evidence which has been ruled out of the case by the court, and you will refrain from speculation or conjecture or any guesswork about the nature or effect of any colloquy between the court and counsel held out of your hearing.

I also instruct you to draw no inference from the fact that, upon occasion, I asked questions of or gave instructions to certain witnesses.  These questions and instructions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinion on my part as to the verdict you should render, or as to whether any of the witnesses may have been more or less credible than any other witnesses.

You may also not draw any inference from the mere fact that Mr. Hart has filed this lawsuit.

As to the facts, you are the exclusive judges, and you are to perform the duty of finding the facts fairly, without bias or prejudice to any party.

III.    ROLE OF ATTORNEYS

_____It is the duty of the lawyers to object when the other side offers testimony or other evidence that they believe is not properly admissible.  Each side also has the right and duty to ask the court to make rulings of law.

All those questions of law must be decided by the court.  You should not show any prejudice against a party because an attorney objected to the admissibility of evidence, or asked the court to rule on the law.

IV.    BURDEN OF PROOF

In a civil case such as this case is, the plaintiff must prove his claims by a preponderance of the evidence.  In order to prove any of his claims, Mr. Hart must prove each of the elements of a claim, as I will describe these elements to you, by a preponderance of the evidence.  The defendant, Dr. Pillai, does not have to prove that he is not liable; the burden of proof for each of Mr. Hart's claims is on Mr. Hart.

In determining whether Mr. Hart has satisfied his burden, bear in mind that you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

To prove a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  Therefore, as to any of his claims, a plaintiff must prove more than simple equality of evidence.  If, after considering all of the evidence and testimony on a given issue, you find that both sides of the issue are equally probable, then the plaintiff has failed to sustain his burden, and you must decide that issue against the plaintiff.

However, a plaintiff need prove no more than a preponderance.  As I indicated, a preponderance of the evidence means the greater weight of the evidence; it refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. So long as you find that the scales tip,

however slightly, in favor of a party who has the burden of proof on an element, then that element will have been proven by a preponderance of the evidence.

You may have heard the phrase "proof beyond a reasonable doubt" in connection with other cases. That standard is the proper standard of proof in a criminal trial.  That standard does not apply to a civil case, such as this, and you should not consider it in this case.

Throughout these instructions to you, I may use the word "prove" from time to time, with reference to the burden of proof.  I may also speak of your "finding" various facts as to elements of the claims made in this case.  You are to understand my use of the word "prove" to mean "prove by a preponderance of the evidence"  even if I do not always repeat all these exact words.  Similarly, when I say that you must "find" a fact in order to return a verdict in favor of a plaintiff or a defendant, you must find that fact to have been proven by a preponderance of the evidence even if I simply use the word "find."

V.    WHAT IS AND IS NOT EVIDENCE

The evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence, as full exhibits, without regard to which side offered the witness or exhibit.

It is the witnesses' answers and not the lawyers' questions that are evidence.  At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true, and then asked the witness if the statement was true. If the witness admitted the truth of the statement, then you may consider it true.  If the witness denied the truth of the statement, and if there is no evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.  Similarly, if an party described a witness's testimony, you should not accept that as the witness's testimony.  It is your recollection of the witness's testimony that controls.

The lawyers are not witnesses.  What the lawyers and parties have said in their closing arguments, in their objections, or in their questions is not evidence. What they have said in their closing arguments is intended to help you understand the evidence and to reach your verdict.  However, if your recollection of the facts differs from what a party says, it is your recollection that controls.

Testimony that has been stricken or excluded by the court is also not evidence and may not be considered by you in rendering your verdict.  In certain

8

instances evidence was admitted only for a particular purpose and not generally for all purposes. For the limited purpose for which it has been received, you may give such evidence the weight you decide it deserves. You may not, however, use this evidence for any other purpose not specifically mentioned by the court.

Anything I may have said during the trial, or what I may convey in these instructions, is not evidence. My rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. Finally, anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial in the courtroom.

VI.    DIRECT AND CIRCUMSTANTIAL EVIDENCE

Generally speaking, there are two types of evidence.  One type of evidence is direct evidence.  Direct evidence is evidence presented by a witness who testifies to what he or she saw, heard or observed.  In other words, when a witness testifies about something he or she knows by virtue of his or her own senses, such as seeing, touching, or hearing, that is called direct evidence. Direct evidence may also be in the form of an exhibit where the fact to be proved is the existence or content of the exhibit.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.  That is, circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist.  Remember my rain example –  it would be reasonable and logical for you to conclude that it is raining.  It is not the only conclusion you could reach, nor would you have to reach that conclusion, but you could do so reasonably and logically.  All there is to circumstantial evidence is that you infer on the basis of reason, experience, and common sense, from one or more established facts—in my example, people with wet umbrellas and raincoats, and the forecast—the existence or non-existence of some other fact—that it is raining.

Circumstantial evidence is of no less value than direct evidence.  It is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that your verdict must be based on a

10

preponderance of all the evidence presented.

VII.    INFERENCES

In their arguments, the parties may have asked you to infer, on the basis of your reason, experience and common sense, from one or more established facts, the existence of some other fact.  An inference is not a suspicion or a guess or speculation.  It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether those facts are proven by direct or circumstantial evidence.  Mr. Hart asks you to draw one set of inferences, while Dr. Pillai asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.  In drawing inferences, you should exercise your common sense.

VIII.   DETERMINING THE CREDIBILITY OF WITNESSES

You have had the opportunity to observe all the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You and you alone are the judges of the credibility of each witness, which testimony to believe and which not to believe, and the importance of a witness's testimony.

In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness's testimony.

How do you determine truthfulness?  When you watched a witness testify, everything a witness said or did on the witness stand counts in your determination.  What impression did the witness give you?  Did he or she appear to be frank, forthright and candid, or evasive and edgy as if hiding something?  How did the witness appear?  What was his or her demeanor, that is, his or her carriage, behavior, bearing, manner and appearance while testifying?  Often it is not what a person says, but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility the witness may have shown for or against any party.  You should consider the opportunity the witness had to see, hear and know the things about which he or she testified; the accuracy of the witness's

memory; his or her candor or lack of candor; and his or her intelligence or the lack thereof; and, the reasonableness and probability of his or her testimony, its consistency or lack of consistency, and its corroboration or lack of corroboration with other credible testimony.

If you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony, and accept it with care. Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons participating in an event or witnessing an incident or transaction may see or hear it differently; an innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an insignificant detail, and whether the discrepancy results from innocent error or from intentional falsehood.

14

You are not limited to just the factors I have mentioned.  You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  Always remember that in assessing a witness's testimony, you should use your common sense, your good judgment, and your own life experience.

IX.    IMPEACHMENT OF A WITNESS

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a matter, or by evidence that at some other time the witness said or did something inconsistent with the witness's present testimony.  It is your exclusive province to give the testimony of each witness such credibility or weight, if any, as you think it deserves.

If you find that a witness testified untruthfully in some respect, you may consider that fact in deciding what credence you will attach to that witness's testimony.  Considering that fact and all other relevant evidence, you may accept or reject the testimony of such a witness, in whole or in part.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; and whether the witness had an explanation for the inconsistency, and whether that explanation made sense to you.

X.    CRIMINAL CONVICTION

You have heard that the plaintiff has criminal convictions.  The law permits you to consider the criminal conviction record of a witness in assessing his credibility and whether he is being truthful.  It is for you to decide how much consideration, if any, to give to the convictions when you are evaluating his credibility and assessing how much of his testimony to accept.

XI.    STATE EMPLOYEE WITNESSES

During the trial, you have heard the testimony of a number of witnesses, some of whom are employees of the state   The fact that a witness is a state employee does not mean you should give that witness's testimony any greater or lesser weight than that of any other witness.  When you consider a state employee's testimony, you should use the same tests for truthfulness that you use with other witnesses.

It is your decision, after reviewing all of the evidence, whether to accept the testimony of the state employee and to give that testimony whatever weight, if any, you find that it deserves.

XIII.   EXPERT WITNESSES

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about issues in the case.  An exception to this rule exists as to those witnesses who are described as "expert witnesses." An "expert witness" is someone who, by education or by experience, has become knowledgeable in some technical, scientific, or very specialized area.  If such knowledge or experience may be of assistance to the jury in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to relevant and material matter in which he claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves.  You should consider the testimony of expert witnesses just as you consider other evidence in this case. You should resolve any conflicts between the experts in the same way that you decide other fact questions and in the same way you decide whether to believe ordinary witnesses.  If you decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you conclude that the reasons given in support of the opinion are not sound, or if you conclude that the opinion is outweighed by other evidence, you may disregard the opinion in part or in its entirety.

You should not accept an expert witness's testimony merely because he is an expert.  Nor should you substitute it for your own reason, judgment, and

common sense.  The determination of the facts in this case rests solely with you.

XIV.   ALL PERSONS STAND EQUAL BEFORE THE LAW

As you know, this action was brought by a private citizen against an employee of the Department of Correction.  This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar station in life.  All persons stand equal before the law, and are to be dealt with as equals in this, a court of justice.

XVI.  STATEMENT OF THE CASE

The plaintiff in this case is Wilfred Hart, and the defendant is Dr. Omprakash Pillai.  Dr. Pillai is a physician employed by the University of Connecticut Correctional Managed Health Care.

While an inmate confined to the custody of the Connecticut Department of Correction, Mr. Hart started experiencing various gastrointestinal problems including stomach pain, vomiting, nausea and diarrhea.  He reported these problems to various healthcare professionals who treated him beginning in 1998. Dr. Pillai first saw Mr. Hart in February of 2000 when Mr. Hart complained of some of the same issues and treated him on several occasions thereafter.

Ultimately, a mass was detected in Mr. Hart's abdomen in September of 2000.  Tests were conducted, and surgery was performed in November of 2000. A cancerous tumor was removed successfully.  Mr. Hart's cancer has not reappeared.

Mr. Hart claims that Dr. Pillai was deliberately indifferent to Mr. Hart's known, serious medical condition in violation of Mr. Hart's right to be free from cruel and unusual punishment secured by the United States Constitution. Mr. Hart contends that Dr. Pillai should have requested tests and other procedures that he did not request and that he should have taken steps to expedite the plaintiff's surgery.

Dr. Pillai denies Mr. Hart's claim that he was deliberately indifferent to his

medical needs. He asserts that the medical care he provided the plaintiff

was appropriate.

Let me now instruct you on what facts Mr. Hart must prove in order to prove

his claim against Dr. Pillai.

XVI.   ELEMENTS OF A SECTION 1983 CLAIM

Mr. Hart brought some of his claims in this lawsuit pursuant to Section 1983 of Title 42 of the United States Code, which I will refer to simply as "Section 1983."  Section 1983 provides that a person may seek relief in this court by way of damages against anyone, who, under color of any state law or custom, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or the laws of the United States.

A Section 1983 claim has two elements that are disputed in this case.  In order to prove his claim under Section 1983 against Dr. Pillai, Mr. Hart must prove, by a preponderance of the evidence, each of the following two elements:

1)      that Dr. Pillai's conduct deprived Mr. Hart of one or more rights secured by the Constitution of the United States;

2)      that Dr. Pillai's acts were the proximate cause of the injuries and any consequent damages sustained by Mr. Hart.

Mr. Hart may not recover on a Section 1983 claim against Dr. Pillai unless he has proven by a preponderance of the evidence both of these elements as to Dr. Pillai.

XVI.A.    FIRST ELEMENT OF THE SECTION 1983 CLAIM:
DEPRIVATION OF A CONSTITUTIONAL RIGHT

In order to prove the first element of his Section 1983 claim, Mr. Hart must

prove that he was deprived of a right protected by the Constitution of the United

States. Mr. Hart claims that Dr. Pillai deprived him of his federal constitutional

rights by being deliberately indifferent to Mr. Hart's serious medical needs.  When

prison officials are so deliberately indifferent to serious medical needs as to

unnecessarily and wantonly inflict pain, they impose cruel and unusual

punishment in violation of the Eighth Amendment to the United States

Constitution.

Mr. Hart contends that Dr. Pillai knew or should have known that Mr. Hart

was suffering from a serious and potentially life-threatening illness and that Dr.

Pillai was deliberately indifferent in providing him with treatment.  Mr. Hart

contends that Dr. Pillai should have requested tests and other procedures that he

did not request and that he should have taken steps to expedite Mr. Hart's

surgery.

A claim of deliberate indifference to serious medical needs requires proof

of both an objective and a subjective component.

To satisfy the objective component, Mr. Hart must prove that the claimed

deprivation of medical treatment is, in objective terms, sufficiently serious, that is,

he must prove that his medical need was a condition of urgency, one that may

25

produce death, degeneration, or extreme pain.  It is undisputed that Mr. Hart had

a serious medical condition.  Thus, the objective component has been proven.

To satisfy the subjective requirement, Mr. Hart must prove that Dr. Pillai

acted with a sufficiently culpable state of mind, that is, that Dr. Pillai knew of and

disregarded a serious medical condition.  In other words, Dr. Pillai must have

both been aware of facts from which the inference could be drawn that a

substantial risk of serious harm existed, and he must also have drawn such an

inference.

Accidental or merely careless failure or neglect to provide medical care is

not sufficient to satisfy the subjective requirement.  Deliberate indifference

requires more than negligence.  It is not enough for Mr. Hart to prove that a

reasonable person would have known, or that Dr. Pillai should have known, of Mr.

Hart's serious medical needs.  On the other hand, Mr. Hart does not need to

prove that Dr. Pillai acted, or failed to act, for the purpose of causing him harm.

And Mr. Hart does not need to prove that Dr. Pillai acted, or failed to act,

believing that Mr. Hart would actually be harmed.  It is sufficient if Mr. Hart

demonstrates that Dr. Pillai failed to act despite his knowledge of a substantial

risk of serious harm to Mr. Hart.

How do you decide whether Dr. Pillai was aware of any serious medical

needs?  You approach that question in the same way you approach any other

issue concerning what was in someone's mind.  You must consider all of the

26

evidence before you, both direct and circumstantial, as to what Dr. Pillai knew or probably knew.

If Mr. Hart fails to prove the subjective component of his claim of deliberate indifference to medical needs, then you must find for Dr. Pillai on this basis. If Mr. Hart proves the subjective component, he will have proven the first element of his Section 1983 claim against Dr. Pillai. You should then move on to consider the second element of Mr. Hart's claim. I will now instruct you on that second element.

XVI.B.    SECOND ELEMENT OF THE SECTION 1983 CLAIM:
PROXIMATE CAUSE OF INJURIES AND DAMAGES

If you find that Mr. Hart has proven that Dr. Pillai deprived Mr. Hart of a
constitutional right by being deliberately indifferent to Mr. Hart's serious medical
needs, you should then decide if he has proven the second element of the
Section 1983 claim—that the unlawful act which deprived Mr. Hart of his rights
was the proximate cause of an injury suffered by him.

An injury is proximately caused by an act, or a failure to act, whenever it
appears from the evidence in the case that the act or omission played a
substantial part in bringing about or actually causing the injury, and that that injury
was either a direct result or a reasonably probable consequence of the act or
omission.

This does not mean that the law recognizes only one proximate cause of
an injury, consisting of only one factor or thing, or the conduct of only one person.
On the contrary, many factors or things, or the conduct of two or more persons,
may operate at the same time either independently or together, to cause injury;
and in such a case, each may be a proximate cause.  Dr. Pillai is liable for those
consequences attributable to reasonably foreseeable intervening forces, including
the acts of third parties.

If you find that Mr. Hart has proven by a preponderance of the evidence
that the conduct of Dr. Pillai proximately caused an injury to have been suffered

28

by Mr. Hart, then Mr. Hart has proven the second and final element of his Section
1983 claim.  If you find that Mr. Hart has proven by a preponderance of the
evidence both elements of his Section 1983 claim as to Dr. Pillai, you must find
for Mr. Hart on this claim.  If you find that Mr. Hart has failed to prove either or
both elements of this claim, you must find for Dr. Pillai.

XVII.  DAMAGES

If, after deliberating, you decide that Mr. Hart has proven each element of

his claim, then you should turn to the issue of damages.  The fact that I charge

you on the law governing damages should not be taken as a suggestion that you

should necessarily reach the question of damages.  It is your function to decide

the issue of liability; I am instructing you on the elements of damages only so that

you will have guidance should you decide that Mr. Hart is entitled to recover

damages.  You should not consider the question of damages if you have found

that Mr. Hart has failed to prove the elements of his Section 1983 claim.

You should award damages only for those injuries caused by the conduct

you find satisfies the elements of a cause of action, in accordance with these

instructions.  There are different types of damages.  Let me now explain each

type to you.

XVII.A.        COMPENSATORY DAMAGES

The first type of damages is called compensatory damages.  If you decide

for Mr. Hart on the issue of liability, you must then fix the amount of damages that

will reasonably and fairly compensate Mr. Hart for any harm that the wrongful

conduct of Dr. Pillai was a substantial factor in bringing about.  These damages

are known as compensatory damages.  Compensatory damages seek to make a

plaintiff whole—that is, to compensate for the damages that Mr. Hart suffered.   If

you return a verdict in favor of Mr. Hart against Dr. Pillai, he is entitled to

compensatory damages for any physical injury or emotional harm, including

personal indignity, embarrassment, fear, anxiety, and anguish, that he has

suffered because of Dr. Pillai's conduct.

In assessing compensatory damages, you must determine what amount of

damages would be reasonable compensation for such harm in the light of all the

evidence in this case.  The nature and degree of pain, suffering, and emotional or

mental distress may differ widely from person to person.

You must compensate Mr. Hart for damages incurred in the past as well as

those that he may, with reasonable certainty, be expected to suffer in the future.

Actual loss is not limited to expenses or debts incurred.  Injuries of any kind are to

be fully and fairly compensated if they are proximately caused by the

constitutional violation.

31

You may not award compensatory damages based solely on proof that Mr. Hart's constitutional rights were violated. Damages must be based on proof of harm resulting from such a violation. On the other hand, the law does not require Mr. Hart to prove the amount of his loss with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

No evidence of the value of such intangible things as mental or emotional distress has been or need be introduced. In that respect, it is not value you are trying to determine, but rather an amount that will fairly compensate Mr. Hart for the damages he has suffered. There is no exact standard for fixing the compensation to be awarded on account of such elements of damage. This is a matter that is left to the conscience, good sense, and sound judgment of the jury.

You should arrive at a monetary amount, in the light of your common knowledge and general experience, and without regard to sentiment, that you deem to be fair, reasonable, and adequate. In other words, without favor, without sympathy, and without any precise formula, you as jurors must arrive at a sum of money that will justly, fairly, and adequately compensate the plaintiff for the actual pain, suffering, and emotional distress you find that he endured as the direct result of any constitutional deprivation he may have suffered. The amount of damages should be neither excessive nor inadequate. It should be fair, just, and reasonable.

32

The task of deciding damages in a case of this sort is not easy. You are not at liberty to guess or infer what the damages are. You must use your best judgment, remembering always that it is incumbent upon the plaintiff, even if you find that he is entitled to recover, to prove by a fair preponderance of the evidence the amount of the damages to which he is entitled.

Generally speaking, in order to award compensatory damages for a given injury or harm, you must find that the plaintiff has proven by a preponderance of the evidence that the claimed injury or harm was proximately caused by Dr. Pillai's action in violation of Section 1983. Mr. Hart may recover fair, reasonable, and just compensation for only those elements of damage he has proven were caused by the actions of Dr. Pillai that violated Section 1983.

You must bear in mind at all times that the burden is on Mr. Hart to prove that any claimed element of damages was proximately caused by Dr. Pillai's deliberate indifference to Mr. Hart's serious medical needs, as well as to prove the reasonable amount with respect to any such element of damage.

XVII.B.    NOMINAL DAMAGES

If you find that Mr. Hart has proven his claim against Dr. Pillai, but you also find that Mr. Hart has failed to prove by a preponderance of the evidence that he suffered any actual injury, you must award him what are called "nominal damages." Nominal damages are a token sum, not to exceed one dollar.

Nominal damages are awarded as recognition that a plaintiff's rights have been violated. You would award nominal damages if you conclude that the only injury that Mr. Hart suffered was the deprivation of a constitutional right, and that he has suffered no actual damage as a natural consequence of that deprivation.

You may not award both nominal and compensatory damages. Either Mr. Hart was measurably injured, in which case you must award compensatory damages, or he was not or you can not reasonably calculate such damage, in which case you must award nominal damages.

XVIII.        PUNITIVE DAMAGES

If you find that Mr. Hart has proven his claim against Dr. Pillai, and you award compensatory damages to Mr. Hart for any such claim, whether actual or nominal, then you must decide whether Mr. Hart is also entitled to a separate and additional award of punitive damages against Dr. Pillai.

The law permits the jury, under certain circumstances, to award an injured person punitive damages, in order to punish the wrongdoer for some extraordinary conduct and to serve as a warning to others against, and to deter others from, engaging in such conduct.  Punitive damages, when appropriate, are intended to protect the community and to be an expression of the jury's indignation at the misconduct.

Whether you decide to award punitive damages against Dr. Pillai should be based on whether you find that he or she engaged in either:

(1)     malicious violation of Mr. Hart's rights; or

(2)     wanton disregard of Mr. Hart's rights.

By "malicious," I mean that Dr. Pillai's actions were prompted by ill will or spite toward Mr. Hart.  In determining whether Dr. Pillai's conduct was malicious, you must consider what he did in light of all the circumstances, for malice is often not susceptible of proof by direct evidence, but may be found as an inference reasonably drawn from all the facts.

35

I said to you also that Mr. Hart is entitled to punitive damages if Dr. Pillai's acts were "wanton," and by that I mean that they were done in reckless or callous disregard of, or indifference to, Mr. Hart's rights. Even if you find that Dr. Pillai's behavior was wanton or malicious, whether you decide to award any punitive damages is entirely within your discretion.

If you have determined to award punitive damages for Mr. Hart's claim, you must decide what amount to award. The amount of punitive damages that you may award is solely within your discretion. If Mr. Hart has proven his claim against Dr. Pillai, and has proven that Dr. Pillai's conduct was malicious or wanton as to Mr. Hart, as I have explained those words to you, you should determine the amount, if any, in addition to compensatory damages that Mr. Hart is entitled to recover as punitive damages against Dr. Pillai.

Even though you have exclusive control over the amount of punitive damages, in awarding these damages, you must not be influenced by any sympathy, bias, or prejudice with regard to either party to the case. In determining the amount of punitive damages, should you choose to award them, you must consider the degree of reprehensibility of Dr. Pillai's conduct. You should consider the following factors as part of your decision as to how reprehensible Dr. Pillai's conduct was: whether it was violent or presented a threat of violence and whether Dr. Pillai acted with trickery, deceit, or intentional

36

malice.  You must also consider the relationship between the amount of punitive damages and the actual harm that Dr. Pillai inflicted upon Mr. Hart.    Remember that Mr. Hart has the burden of proving, by a preponderance of the evidence, that Dr. Pillai acted with malice or wanton disregard for Mr. Hart's rights.  If Mr. Hart does not prove this, then you should not award any punitive damages against Dr. Pillai.

XXV.  NOTE TAKING

I have now concluded the instructions relating to the specific claims in this case.  In closing, I must add a few general instructions concerning your deliberations.  You were permitted to take notes during the course of the trial. Any notes you have taken should be used only as memory aids; do not give your notes precedence over your independent recollection of the evidence.  If you did not take notes, you should rely on your own recollection of the proceedings and should not be influenced by the notes of other jurors.

XXVI.    CLOSING REMARKS

Let me now say a few words about your deliberations.

First, keep in mind that nothing I have said in these instructions—indeed, nothing I have said or done during this trial—is intended to suggest to you in any way what I think your verdict should be.  That is entirely for you to decide.

When you retire to the jury room, it is your duty to discuss the case with your fellow jurors for the purpose of reaching agreement if you can do so.  Each of you must decide the case for yourself, but you should do so only after considering all the evidence, listening to the views of your fellow jurors, and discussing the case fully with the other jurors.

It is important that you reach a verdict if you can do so conscientiously. You should not hesitate to reconsider your own opinions from time to time and to change them if you are convinced that they are wrong.  However, do not surrender an honest conviction as to the weight and effect of the evidence simply to arrive at a verdict.

Remember that your verdict must be unanimous.  If you take a vote during deliberations and you are not unanimous, then you have not reached a final decision one way or another and should continue to deliberate.

Remember also that your verdict must be based solely on the evidence in the case and the law as I have given it to you, not on anything else.  Closing

arguments, or other statements or arguments of counsel, are not evidence.  If your recollection differs from the way counsel has stated the facts, then your recollection controls.

Remember at all times that you are not partisan.  Rather, you are the judges of the facts, and your sole interest is to seek the truth from the evidence in this case.

The instructions that I gave you at the beginning of the case about outside factors apply during your deliberations.  Do not discuss this case with anyone outside the jury deliberation room, even with your fellow jurors.  Also, do not read or listen to any outside information about the case during your deliberations.  And do not try to do any research or make any investigation.  And, of course, continue to refrain from speaking to the parties, their attorneys, the witnesses, and me.

Upon retiring to the jury room you should first elect one among you to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court.

A verdict form has been prepared for your convenience.  The verdict form is made up of questions concerning the important issues in this case.  The verdict form is not evidence in this case, nor should you view it as supplementing or modifying in any way my instructions to you on the law.  Your answers must reflect the conscientious judgment of each juror and must be unanimous.  The

verdict form includes instructions to guide you in filling it out and follows the order of these instructions. You should answer every question, except where the verdict form indicates otherwise. I suggest that you start at the beginning, and work your way through, following the instructions carefully.

You will take the verdict form to the jury room and answer the questions asked. When you have reached unanimous agreement as to your verdict, you will have your foreperson fill in your answers, and then date and sign the verdict form. Then inform the court security officer that you have reached a verdict. I stress that each of you must be in agreement with the verdict as contained in the verdict form and announced in court. Your verdict must be unanimous.

You are about to go into the jury room to begin your deliberations. Please wait to begin deliberations until the deputy clerk brings the verdict form and exhibits in to you. It will take a few minutes to gather the exhibits. If you want any of the testimony read back to you, you must request that. Please remember that it is not always easy to locate what you might want. It can take a long time to find it, so please consider that. If you feel you really need testimony read back, be as specific as possible in your request. Any communication with the court should be made to me in writing, signed by your foreperson, and given to the court security officer seated outside the jury room. If you send out a question, I will consult with the parties before answering it, which may take some time. You

41

may, if you can, continue your deliberations while waiting for the answer to any question.  I will respond to your request as promptly as possible either in writing or by having you return to the  courtroom so that I can address you orally.

I must also caution you that, in your communications with the court, you should never indicate in any way how the jury stands, numerically or otherwise. Never disclose any vote count in any note to the court.

It is proper to add a final caution.

Nothing that I have said in these instructions—and nothing that I have said or done during the trial has been said or done to suggest to you what I think your verdict should be.  What the verdict shall be is your exclusive duty and responsibility.

This completes my instruction to you.  Thank you for your service so far and thank you in advance for your careful and thoughtful deliberations.